D. G. LEISURE PRODUCTS, INC., a California Corporation, Plaintiff and Respondent,

v.

GENERAL ELECTRIC CREDIT CORPORATION, a Delaware Corporation, Defendant and Appellant.

No. 14868.

Supreme Court of Utah.

Oct. 19, 1977.

**582**

Bryce E. Roe, Pamela R. Taggart, Salt Lake City, for defendant and appellant.

Robert S. Campbell, Jr., Glen E. Davies, Duane R. Smith, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

A mobile home dealer bought mobile homes from the respondent manufacturer. Initially he paid cash upon delivery. Later, he arranged credit with the appellant. The procedure thereafter was as follows: When the dealer would order a unit, the respondent would call the appellant and obtain an approval number. It would then deliver the unit to the dealer and send an invoice, together with title papers, to the appellant. As soon as the unit arrived at the dealer's place, the appellant would send payment in full to the respondent. The evidence amply sustains the trial court's finding that this was the course of dealing between the parties.

The appellant put evidence before the court to the effect that an approval number would be given only if the dealer had not exceeded his credit amount. No notice of such a limitation was given to the respondent, and respondent had a right to rely on the custom of shipping the ordered units as soon as it got an approval number.

This lawsuit arose because the appellant refused to pay for five units which respondent shipped to the dealer. Four units were shipped after appellant had given approval numbers on them. The respondent could not show that it had an approval number for the fifth unit. The trial court gave judgment to the respondent for the value of the four units which were shipped after the appellant had given its approval, and refused to award any amount for the fifth unit. This appeal is from the judgment rendered. There is no cross-appeal for the fifth unit.

The law governing this case is correctly set out in the hornbook series entitled Simpson on Contracts at page 8:

## EXPRESS AND IMPLIED CONTRACTS

True contracts are those in which obligation arises from actual agreement and intent of the parties to promise. If the agreement or mutual assent is manifested in words, oral or written, the contract is said to be 'express.' On the other hand, where the mutual undertaking of the parties is inferred from their conduct alone, without spoken or written words, the contract is said to be 'implied in fact.' In either case a real agreement is manifested.

The appellant claims that it would be obligated to pay for certain shipments only when it had a contract from a purchaser, discounted and assigned to it by the dealer, or from the proceeds of the sale on specially-made units. We think the evidence before the court fully justified its holding that there was a contract implied-in-fact which required the appellant to pay for all units that were shipped pursuant to an approval made by the appellant.

The judgment is affirmed. Costs are awarded to the respondent.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.